UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLYS XAVIER ARENAS VILLAMIZAR (A No. 244 646 012),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-6854 DC CKD P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility, proceeds with petition for a writ of habeas corpus pursuant to 28 U.S.C. § 224 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be DENIED.

/////

/////

/////

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

I. Background

Petitioner is a native and citizen of Venezuela. ECF No. 10 at 6. He entered the United States on July 30, 2024, near Nogales, Arizona. Id. at. 7. Petitioner was detained, eventually paroled into the United States and ordered to appear for immigration proceedings. Id.

On May 25, 2026, petitioner was arrested by the Salt Lake County Sheriff for domestic violence in the presence of a child and damage or destruction of property. ECF No. 10 at 14-15. The next day, and upon release from Salt Lake County custody, petitioner was placed into ICE custody and charged with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Id at. 6-7. On June 18, 2026, petitioner was charged in Salt Lake County with 3 counts of domestic violence in the presence of a child and 1 count of damage or destruction of property. Id. at 17-18. It appears those charges are pending.

Petitioner initiated a habeas action on June 8, 2026, challenging ICE detention, 1:26-cv-4361 DC CKD P. On August 5, 2026, the district court judge assigned to this case ordered respondents to provide petitioner with "a bond hearing before an Immigration Judge at which Respondents shall bear the burden of demonstrating, by clear and convincing evidence, that the alleged changed circumstances establish that Petitioner is either a flight risk or threat to public safety, such that continued detention is justified . . ." A hearing was held on August 11, 2026, and petitioner was denied release premised upon a finding that the Department of Homeland Security met the burden identified in that petitioner is a threat to public safety. 1:26-cv-4361 DC CKD P, ECF No. 11-1. It does not appear petitioner appealed to the Board of Immigration Appeals (BIA), although petitioner was informed he could and that the appeal was due September 10, 2026. Id.

On-line Executive Office of Immigration Review records indicate petitioner has a master hearing before an immigration judge scheduled for November 4, 2026.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

First, petitioner challenges the finding by the immigration judge that he is a threat to public safety. Since the bond hearing before the immigration judge was ordered by the district court for a violation of the Due Process Clause of the Fifth Amendment, the finding must be upheld unless this court finds that the immigration judge abused his or her discretion. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). The court cannot reweigh evidence but does determine whether the correct standard was applied. Id. As indicated above, the immigration judge identified the appropriate legal standard and found petitioner to be a threat to public safety based upon the criminal charges pending against him. Petitioner fails to point to anything upon which this court could find an abuse of discretion.

Petitioner also argues that, irrespective of the finding by the immigration judge that petitioner is a threat to public safety, the length of his detention violates the Fifth Amendment. Petitioner fails to point to anything in support of this. In Demore v. Kim, 538 U.S. 510, 523 (2023) the Supreme Court recognized that detention during removal proceedings is "a constitutionally adequate aspect of the deportation process." While the Court suggested that after a certain amount of time in custody, possibly more than six months, a detainee may be entitled to custodial review such as was ordered for petitioner, id. at 529-531, the Court has never held that a person subject to removal proceedings and found to be dangerous is entitled to release.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be DENIED; and

2. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within 14 after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 3, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
vill6854.imm.frs